## COASTWISE TRANSP. CO. v. BALTIMORE STEAM PACKET CO.

(Circuit Court of Appeals, Fourth Circuit.   November 8, 1906.)

No. 649.

ADMIRALTY—REVIEW ON APPEAL—FINDING OF FACT.

A finding of fact by a court of admiralty on the conflicting testimony of witnesses examined in open court will not be reversed on appeal unless clearly erroneous.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Admiralty, § 770.]

Appeal from District Court of the United States for the Eastern District of Virginia.

For opinion below, see 139 Fed. 777.

Edward E. Blodgett (Floyd Hughes, on brief), for appellant.
Robert M. Hughes, for appellee.

Before GOFF and PRITCHARD, Circuit Judges.

PER CURIAM.   The appellant's schooner, Henry W. Cramp, and the appellee's steamer, Georgia, were in collision on the morning of January 31, 1904, in the vicinity of Old Point Wharf.   At the time of the collision the Cramp was at anchor, while the Georgia was on her way to Norfolk.   The steamer was considerably injured by the collision, and this is a libel in personam against the owner of the Cramp to recover damages.   The court below found that at the time of the collision there was a fog in that vicinity, that the Cramp was not ringing a fog bell, and that the navigation of the Georgia was free from fault. A decree in consonance with such finding was entered, and from it this appeal is prosecuted.

As to the condition of the weather at the time of the collision, there is a conflict in the testimony, and practically the only question at issue that the court below had to determine was whether or not fog signals should have been given by the Cramp.   It is admitted that the Cramp did not sound any such signals.   All of the libelant's witnesses were examined in open court, as was also the master of the respondent.   The rule is well established, and no authorities are necessary to support it, that under such circumstances an appellate court will hesitate long before reversing a decree based on questions of fact so found.   The opinion of the court, which has our approval, is found in (D. C.) 139 Fed. 777.

There is no error in the decree complained of, and the same is affirmed.