DEMPSEY v. EASTERN TRANSP. CO. et al.

(Circuit Court of Appeals, Fourth Circuit. July 13, 1921.)

No. 1894.

Admiralty ⟜118—Finding of fact on conflicting evidence not reversible, unless clearly erroneous.

    A finding of fact by a court of admiralty on the conflicting testimony of witnesses examined in open court will not be reversed on appeal, unless clearly erroneous.

Appeal from the District Court of the United States for the District of Maryland, at Baltimore; John C. Rose, Judge.

Suit in admiralty by John J. Dempsey, trading as Dempsey & Sons against the Eastern Transportation Company, owner of the barge Frank R. Diggs, and S. G. Seligman and others, partners as Seligman, Williams & Ball, owners of the tug Juniper. Decree for respondents, and libelant appeals. Affirmed.

⟜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

George W. P. Whip, of Baltimore, Md. (Harrington, Bigham & Englar, of New York City, and Lord & Whip, of Baltimore, Md., on the brief), for appellant.

Samuel K. Dennis, of Baltimore, Md. (Gerald W. Hill, of Baltimore, Md., on the brief), for appellees.

Before KNAPP and WOODS, Circuit Judges, and WATKINS, District Judge.

WATKINS, District Judge. On February 28, 1920, the tug L. A. Dempsey, with three barges, Experiment, McNaughton, and Donaldson, in tow, en route from Elizabeth City, N. C., to Baltimore, Md., was proceeding north through Lake Drummond Canal and at about 6 o'clock in the afternoon met the tug Juniper with the barge Frank R. Diggs in tow. The Diggs was light, and the other barges were loaded to capacity with lumber, with deck loads piled 7 feet high. The Dempsey was about 15 feet beam by 70 feet in length, and drew 8 feet of water. The Juniper was slightly smaller. The Diggs was 23 feet beam by 180 feet length. The other barges were slightly smaller. The canal had an average width of approximately 100 feet, and at the point of meeting the evidence indicates that the channel was about 60 feet wide, with a guaranteed depth of 9 feet. The wind was somewhat strong from the north or northwest, approximately 10 miles an hour, following the Juniper and facing the Dempsey. The preponderance of the evidence indicates clear weather. The usual signals were exchanged by the tugs before meeting. The Dempsey was proceeding very slowly, its speed being about 1 mile per hour. The speed of the Juniper was between 2 and 5 miles per hour. There was some conflict of testimony as to the length of the hawsers used by the tugs and their tow, but this appears to have been of no consequence in determining the questions at issue. The tugs passed each other in safety, port to port, each holding a straight course, with a clearance of about 20 feet. The Experiment, in passing, rubbed and drove the Juniper against the bank. When the Experiment and Diggs met, the former was rammed by the sharp bow of the latter, causing the injuries for which the libel was filed.

The contention of appellant is that the collision was due to the negligent navigation of the tug Juniper and of the barge Diggs, while that of the appellee is that it was due to the negligent navigation of the Dempsey and of the barge Experiment. The learned judge before whom the case was tried filed no formal opinion, but made the following statement as to his conclusions:

"Upon all the evidence I cannot find that the Juniper contributed in any way to the sheer of the Experiment. Therefore I dismiss the libel, because the principal facts seem to me to point to that conclusion as the only one we can arrive at."

While there was a sharp conflict of testimony, the preponderance of the evidence indicates that the accident was caused by the Experiment being so navigated as to drag the bottom of the channel, thereby causing her to sheer, and collide first with the Juniper, and then with the Diggs. The captain of the Experiment testified, inter alia:

"The Experiment was over as far to her starboard as she could get. Her starboard side was dragging on the bottom. When the Experiment hit the bottom, I could see her raise up. She did not slide off the bottom until after the collision with the Diggs. I could not tell how long it was after the collision until she did slide off."

It is admitted that, after the collision, which was severe enough to break 9 planks of the Experiment, all the stringers inside, and 3 or 4 beams, the Experiment continued on her way without loss of a moment's time. Had this barge been following the tug in line close to the bank, as was contended, it would seem that so heavy a blow would at least temporarily have driven it far enough ashore to have impeded its progress. The preponderance of the evidence indicates that the collision was due rather to the negligent navigation of the Experiment than that of the Juniper or the Diggs, and the trial judge so found.

Of the 11 witnesses in the case, all but 3 were examined in open court. A finding of fact by a court of admiralty on the conflicting testimony of witnesses examined in open court will not be reversed on appeal, unless clearly erroneous. Coastwise Transportation Co. v. Baltimore Steam Packet Co., 148 Fed. 837, 78 C. C. A. 527; Norfolk Southern Railway Co. v. Foreman, 244 Fed. 353, 156 C. C. A. 639; The Baron Napier, 249 Fed. 126, 161 C. C. A. 178; Lake Drummond Canal & Water Co. v. John L. Roper Lumber Co., 252 Fed. 796, 164 C. C. A. 636.

Affirmed.